MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd., #95
Las Vegas, NV 89102
(702) 870-8700
(702) 870-0034 Fax
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN SCHNEIDER, | ) |
| Plaintiff, | ) |
| | ) No. |
| vs. | ) |
| | ) |
| PIONEER CREDIT RECOVERY | ) |
| | ) JURY DEMANDED |
| Defendant. | ) |

COMPLAINT

JURISDICTION

1. The jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and the doctrine of supplemental jurisdiction. Venue lies in the Southern Division of the Judicial District of Nevada as Plaintiff's claims arose from acts of the Defendant(s) perpetrated therein.

PRELIMINARY STATEMENT

2. This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), and of related state law obligations brought as supplemental claims hereto.

Page 1

3. In 2017, Defendant initiated a campaign of abusive, unfair, unreasonable, and unlawful debt collection activity directed against Plaintiff in Henderson, Nevada.

4. As a result of these and other violations of law, Plaintiff seeks hereby to recover actual and statutory damages together with reasonable attorney's fees and costs.

## PARTIES

5. Plaintiff, Stephen Schneider, is a natural person who resides in Henderson, Nevada, and is a "consumer" as defined by 15 U.S.C. Section 1692a(3) and allegedly owes a "debt" as defined by 15 U.S.C. Section 1692a(5).

6. Defendant, Pioneer Credit Recovery, is a Foreign Corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Arcade, NY, and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. Section 1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, realleges and asserts all factual allegations contained in the preliminary statement to this Complaint and reasserts them as incorporated in full herein.

8. Plaintiff is 74-years-old.

9. Plaintiff is a prominent Las Vegas business man.

10. Plaintiff graduated from the University of Nebraska in 1965.

11. Plaintiff has lived at his address for more than 25 years.

12. On October 17, 2017 Defendant dunned Plaintiff for a $133.08 debt allegedly originally owed by Plaintiff to United Student Aid Funds (USAF), (Exhibit 1).

13. In Exhibit 1 Defendant threatened Plaintiff with wage garnishment.

14. In Exhibit 1 Defendant also threatened Plaintiff with diversion of both his federal and state tax returns.

15. In doing so Defendant threatened Plaintiff with conduct which could not be legally taken in violation of FDCPA §1692e(5).

16. Plaintiff *never* had a delinquent account with USAF.

17. Plaintiff has absolutely no connection to the alleged USAF obligation.

18. Defendant's assertion the USAF account was Plaintiff's was a material misrepresentation made in violation of FDCPA §1692e. *Tourgeman v. Collins Financial Services, Inc.*, 755 F.3d 1109, 1121 (9th Cir. 2014).

19. Defendant has mischaracterized the status of the USAF account in violation of FDCPA §§ 1692e(2)(A) and 1692e(10).

20. Defendant apparently confused Plaintiff with another consumer and took no *preventive measures* to preclude its errors. *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995-96 (7th Cir. 2003).

21. Thus, the natural consequence of Defendant's subsequent contacts and demand was to harass, oppress and abuse Plaintiff in violation of FDCPA § 1692d. *Clark v. Capital Credit & Collection Services*, 460 F.3d 1162, 1176 (9th Cir. 2006).

22. Defendant's continued phone contacts to Plaintiff, at times and at a place known to be inconvenient to Plaintiff, were made in violation of FDCPA § 1692c(a)(1). *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1516, fn. 10 (9th Cir. 1994), *Austin v. Great Lakes Collection Bureau, Inc.*, 834 F. Supp. 557, 559 (D. Conn. 1993).

23. Defendant's repeated recalls to Plaintiff constituted harassment in violation of FDCPA §§ 1692d and 1692d(5). *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994), *Bingham v. Collection Bureau, Inc.*, 505 F. Supp. 864, 873 (1981), *Kuhn v. Account Control Technology, Inc.*, 865 F. Supp. 1443, 1452-53 (D. Nev. 1994).

24. Plaintiff has suffered emotional distress as a result of Defendant's conduct. *McCollough v. Johnson, Rodenburg & Lauinger*, LLC, 637 F.3d 939, 957 (9th Cir. 2011).

25. The foregoing acts and omissions of Defendant were undertaken by it willfully, maliciously, and intentionally, knowingly, and/or in gross or reckless disregard of the rights of Plaintiff.

26. Indeed, the foregoing acts and omissions of Defendant were undertaken by it indiscriminately and persistently, as part of its regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of Plaintiff.

27. As a proximate result of the foregoing acts and omissions of Defendant, Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

28. As a result of the foregoing acts and omissions of Defendant, and in order to punish Defendant for its outrageous and malicious conduct, as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

## CAUSES OF ACTION

### COUNT I

29. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to, Sections FDCPA §§ 1692c, 1692d, 1692e, 1692f and 1692g.

30. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

### COUNT II

31. The foregoing acts and omissions constitute unreasonable debt collection practices in violation of the doctrine of Invasion of Privacy. *Kuhn v. Account Control Technology, Inc.*, 865 F. Supp. 1443, 1448-49 (D. Nev. 1994); *Pittman v. J. J. Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613-14 (D. of Nev. 1997).

32. Plaintiff is entitled to recover actual damages as well as punitive damages in an amount to be proven at trial.

## JURY DEMANDED

Plaintiff hereby demands trial by a six-person jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1. Award actual damages.
2. Award punitive damages.
3. Award statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.
4. Award reasonable attorney fees.
5. Award costs.
6. Grant such other and further relief as it deems just and proper.

DATED: January 23, 2018

Respectfully submitted,

_____
MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd., #95
Las Vegas, NV  89102
Attorney for Plaintiff

Payment Address:
Pioneer Credit Recovery, Inc.
P.O. Box 158
Arcade, NY 14009

Correspondence Address:
Pioneer Credit Recovery, Inc.
P.O. Box 20
Perry, NY 14530



26 EDWARD STREET, ARCADE, NY 14009
Phone: 1-877-907-1804
Fax: 1-877-653-2839

Hours of Operation: EST/EDT
Mon-Thursday 8:00A.M. – 9:00P.M.
Friday 8:00A.M. – 5:00P.M.
Saturday 8:00A.M.– 12:00P.M.

10/17/2017

Reference # 11804089
Client: United Student Aid Funds Inc
Total Current Balance: $133.08

**DEFAULTED LOANS**

Dear STEVE SCHNEIDER:

Your federal student loan(s) is currently in default. Your guarantor, United Student Aid Funds Inc, was required to purchase the account from your lender under the terms of the guarantee agreement. Since your loan(s) is in default, it has been placed with our agency, Pioneer Credit Recovery, Inc for collection. Interest accrues daily on your past due account(s). To resolve your obligation, call us at 1-877-907-1804.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Failure to pay the account in full, agree to a satisfactory repayment arrangement, or otherwise resolve the matter may result in additional collection efforts, including:
- Evaluating your eligibility for administrative wage garnishment.
- The government may divert your Federal and/or State tax return to pay this debt through tax offset.
- Assigning your loan(s) to the U.S. Department of Education for collection.

This is an attempt, by a debt collector, to collect a debt, and any information obtained will be used for that purpose.

PLEASE SEE NEXT PAGE FOR IMPORTANT INFORMATION.

✂ PLEASE RETURN THIS PORTION WITH YOUR PAYMENT. THANK YOU! ✂
Please see next page if you would like to pay by credit card or pay online http://myaccount.pioneercreditrecovery.com


1803 Rocky River Road North
Monroe, NC 28110

Borrower: STEVE SCHNEIDER
Reference#: 11804089
Total Current Balance: $133.08

Please call us if you have a new address or telephone number.

01500

Pioneer Credit Recovery, Inc.
P.O. Box 158
Arcade, NY 14009

169967 1018 000753 001563 000001/000002 44051
STEVE V SCHNEIDER
12 QUAIL RUN RD
HENDERSON, NV 89014



**EXHIBIT 1**

